IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR. NO. 19-00099-09 DKW |
| | ) | |
| Plaintiff, | ) | MEMORANDUM IN SUPPORT OF |
| | ) | MOTION TO DETAIN DEFENDANT |
| vs. | ) | NORMAN L. AKAU III |
| | ) | |
| NORMAN L. AKAU III,         (09) | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| _____ | ) | |

**MEMORANDUM IN SUPPORT OF MOTION
TO DETAIN DEFENDANT NORMAN L. AKAU III**

## TABLE OF CONTENTS

<u>Page(s)</u>

TABLE OF AUTHORITIES ................................................................................. i-ii

I.     PROCEDURAL AND FACTUAL BACKGROUND .................................... 2

II.    APPLICABLE LAW ................................................................................... 3

III.   DISCUSSION .............................................................................................. 5

       A.    AKAU is a Danger to the Community .................................................. 5

             1.    The Nature and Circumstances of AKAU's Offenses ............... 5

             2.    The Weight of the Evidence Counsels in Favor of Detention .... 8

             3.    AKAU's History and Characteristics Favor Detention ............ 10

             4.    Nature and Seriousness of Danger Posed by AKAU ............... 10

       B.    AKAU is a Flight Risk ........................................................................ 10

             1.    AKAU faces 15 years in Mandatory Minimum Sentence ........ 10

IV.    CONCLUSION .......................................................................................... 13

## TABLE OF AUTHORITIES

<u>Cases</u> <u>Page(s)</u>

*United States v. Aitken*, 898 F.2d 104 (9th Cir. 1990) ............................................. 4

*United States v. Christie, Crim. No. 10-00384-SOM*, 2010 WL 2900371 (D. Haw. July 20, 2010) ........................................................................................................... 7

*United States v. Dominguez*, 783 F.2d 702 (7th Cir. 1986) ..................................... 4

*United States v. Gebro*, 948 F.2d 1118 (1991) ........................................................ 8

*United States v. Hare*, 873 F.2d 796 (5th Cir. 1989) ............................................... 7

*United States v. Hir*, 517 F.3d 1081 (9th Cir. 2008) ............................................. 3, 4

*United States v. Motamedi*, 767 F.2d 1403 (9th Cir. 1985) ..................................... 4

*United States v. Perry*, 788 F.2d 100 (3rd Cir.) ....................................................... 7

<u>Statutes</u>

18 U.S.C. § 924(c) ................................................................................................. 3, 5

18 U.S.C. § 924(c)(1)(A)(i) ....................................................................................... 2

18 U.S.C. § 924(c)(1)(A)(ii) ...................................................................................... 3

18 U.S.C. § 1951 ....................................................................................................... 2

18 U.S.C. § 1962(d) .................................................................................................. 2

18 U.S.C. § 3142(e) ............................................................................................... 3, 8

18 U.S.C. § 3142(e)(3)(A) ..................................................................................... 3, 5

18 U.S.C. § 3142(e)(3)(B) ......................................................................................... 3

<u>Statutes</u>-Continued                                                <u>Page(s)</u>

18 U.S.C. § 3142(f)(2)(B) ................................................................. 4

18 U.S.C. § 3142(g) ......................................................................... 5

18 U.S.C. § 3142(g)(1) ................................................................. 5, 8

18 U.S.C. §§ 3142(g)(1)-(4) ............................................................ 5

21 U.S.C. §§ 841(b)(1)(A),(b)(1)(C) and (b)(1)(D) ................................ 2

21 U.S.C. § 846 .............................................................................. 2

## MEMORANDUM IN SUPPORT OF MOTION
## <u>TO DETAIN DEFENDANT NORMAN L. AKAU III</u>

The United States of America respectfully submits this memorandum in support of its motion to detain Defendant NORMAN L. AKAU III pending trial. As alleged in the Superseding Indictment, and as the government proffers for purposes of a detention hearing, AKAU was a member of the Miske racketeering enterprise which routinely committed violent crimes and assaults and used threats and intimidation to protect the illegal activities which enriched and furthered the interests of Miske, AKAU and the enterprise.  In furtherance of the enterprise's objectives, AKAU participated in and facilitated the distribution of controlled substances and was a principal figure in the Hobbs Act robbery that is the subject of Count 18 of the Superseding Indictment.  AKAU is also charged in Counts 17 and 19 with carrying and using a firearm in relation to a drug trafficking crime (Count 16) and a crime of violence (Count 18.)  This conduct shows AKAU is a clear and present danger to the community.

AKAU faces 15 years in mandatory minimum terms of imprisonment if convicted of Counts 16 and 17 of the Superseding Indictment.  That alone renders AKAU a flight risk.  Under the Bail Reform Act, that drug charge also invokes a presumption of detention as to both flight risk and danger to the community.

For all these reasons, which are discussed more fully below, the United States respectfully requests this Court to detain Defendant AKAU without bail pending trial in this matter.

## I.   <u>PROCEDURAL AND FACTUAL BACKGROUND</u>

On June 18, 2020, a grand jury returned a sealed Superseding Indictment in CR. No. 19-00099 DKW charging AKAU, Miske and nine other defendants with a number of federal offenses including their conspiring to participate in a racketeering organization.  In the Superseding Indictment, AKAU is charged in five separate counts with:

- Participating in a racketeering conspiracy, referred to in the Superseding Indictment as the "Miske Enterprise," in violation of Title 18, United States Code, Section 1962(d) (Count 1);

- Conspiracy to distribute and possess, with intent to distribute:  (1) 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine; (2) five kilograms or more of cocaine; (3) a quantity of oxycodone; and (4) a quantity of marijuana, in violation of Title 21, United States Code, Sections 846, 841(b)(1)(A), 841(b)(1)(C), and 841(b)(1)(D) (Count 16);

- Carrying and using a firearm during and in relation to the drug trafficking crime charged in Count 16, in violation of Title 18, United States Code, Section 924(c)(1)(A)(i) (Count 17);

- Hobbs Act robbery of Victim-4, in violation of Title 18, United States Code, Section 1951 (Count 18);

- Carrying and using a firearm during and in relation to the crime of violence charged in Count 18 in which a firearm was brandished in

2

violation of Title 18, United States Code, Section 924(c)(1)(A)(ii) (Count 19).

On July 15, 2020, AKAU was arrested and the Superseding Indictment was unsealed.

## II.   **APPLICABLE LAW**

Under the Bail Reform Act, a court must detain a defendant pending trial if "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(e).

When a defendant is charged in a drug case in which the maximum sentence is ten years or more, there is a rebuttable presumption that there is no condition or combination of conditions that will reasonably assure the appearance of the person as required and the safety of the community. *See* 18 U.S.C. § 3142(e)(3)(A). AKAU is charged as such in Count 16 of the Superseding Indictment. The same presumption applies if a defendant is charged with violating Title 18 U.S.C. § 924(c) as AKAU is in Counts 17 and 19 of the Superseding Indictment. *See* 18 U.S.C. § 3142(e)(3)(B).

The defendant bears the burden of producing evidence to rebut that presumption. *See United States v. Hir*, 517 F.3d 1081, 1086 (9th Cir. 2008). Even if the defendant satisfies that burden of production, the presumption does not

3

vanish; instead, it "remains in the case as an evidentiary finding militating against release, to be weighed along with other evidence relevant to factors listed in § 3142(g)." *Id.* (quoting *United States v. Dominguez*, 783 F.2d 702, 707 (7th Cir. 1986)). The government retains the ultimate burden of persuasion by clear and convincing evidence that the defendant presents a danger to the community, *see* 18 U.S.C. § 3142(f)(2)(B), and by the lesser standard of a preponderance of the evidence that the defendant presents a risk of flight. *See United States v. Aitken*, 898 F.2d 104, 107 (9th Cir. 1990) (citing *United States v. Motamedi*, 767 F.2d 1403, 1406 (9th Cir. 1985)).

Section 3142(g) lists the following factors that a court must consider in determining whether detention is required:

> (1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence . . . or involves . . . a controlled substance [or] firearm . . . ;
>
> (2) the weight of the evidence against the person;
>
> (3) the history and characteristics of the person, including—
>
> > (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
> >
> > (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial,

4

sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and

(4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

18 U.S.C. §§ 3142(g)(1)-(4).

## III.   DISCUSSION

AKAU is charged with two counts of violating Title 18 U.S.C. § 924(c) and a drug trafficking offense in Counts 16, 17 and 19 of the Superseding Indictment. Each of those three counts individually invokes the rebuttable presumption under Section 3142(e)(3)(A) that there is no condition or combination of conditions that will reasonably assure the appearance of AKAU and the safety of the community.

### A.    AKAU is a Danger to the Community

The factors set forth in Section 3142(g) weigh strongly in favor of AKAU's pretrial detention on the grounds of dangerousness.

#### 1.    The Nature and Circumstances of AKAU's Offenses

The charges against AKAU include a crime of violence, the trafficking of controlled substances and the use of a firearm in relation to drug trafficking and a violent crime – all offenses specified in Section 3142(g)(1) as indicative of detention.

5

The use and threat of violence and firearms was a signature of the Miske Enterprise as evidenced in the Superseding Indictment which outlines the campaign of violence waged by the Miske and the Enterprise on his rivals, competitors and innocent members of this community over a period spanning years, if not decades.  AKAU was a willing participant in this campaign in which he was one of the key perpetrators in the 2016 armed Hobbs Act robbery of "Victim-4" charged in Count 18 of the Superseding Indictment.

In that incident, AKAU and other Enterprise members specifically targeted Victim-4, a known drug dealer, for the robbery as they believed Victim-4 was in possession of a large amount of methamphetamine.  The robbery began with Enterprise members in separate vehicles blocking the vehicle in which Victim-4 was riding on the roadway.  AKAU, who was in one car by himself, came out of his vehicle impersonating a police officer wearing a police badge and holding a walkie-talkie.  AKAU, who possessed two firearms at the time including one with a silencer, instructed Victim-4 to step out of the vehicle in which he was riding.  Other masked Enterprise members, some brandishing firearms, then stole approximately five pounds of methamphetamine belonging to Victim-4 from the vehicle's trunk.  After the robbery, all the participants met near a gym in Waimanalo and split the drugs up amongst themselves.  At that time, AKAU

6

showed the other Enterprise members his two firearms and silencer.  Clearly, the gravity and seriousness of this offence cannot be understated.

Count 16 of the Superseding Indictment relates to AKAU's role in the Enterprise's involvement in the trafficking of methamphetamine, cocaine, oxycodone and marijuana.  In the Bail Reform Act, Congress declared that drug trafficking is a danger to the community.  *Sen. Comm. on Judiciary, Comprehensive Crime Control Act of 1983*, S. Rep. No. 98-225, 98th Cong., 1st Sess. 24, 25 (1983) (drug dealers engage in continuing patterns of criminal activity; they pose a "significant" risk of pretrial recidivism).  "Safety" as comprehended by the Bail Reform Act includes a reasonable assurance that drug dealing will not continue.  *United States v. Perry*, 788 F.2d 100, 12-13 (3rd Cir.), *cert. denied*, 479 U.S. 864 (1986).  "The distribution of drugs is a serious offense," and, indeed, "it is for this reason that the [Bail Reform] Act imposes a rebuttable presumption of danger to the community for certain drug related offenses ... ." *United States v. Christie*, Crim. No. 10-00384-SOM, 2010 WL 2900371, at *4 (D. Haw. July 20, 2010).  *See also, United States v. Hare*, 873 F.2d 796 (5th Cir. 1989) (holding that a district court could approve of a detention order based on a risk of dangerousness to the community from the likelihood that the defendant would continue drug dealing if he were released pending trial).

7

AKAU's drug activity falls within the concerns contemplated both by the Bail Reform Act and 18 U.S.C. § 3142(e). Coupled with the statutory presumption and the Enterprise's reliance on the cash obtained from drug trafficking, there is clear and convincing evidence that AKAU poses a real and serious threat to this community based on the drug charge alone.

Counts 17 and 19 of the Superseding Indictment charge AKAU with the use of a firearm in relation to a crime of violence (Hobbs Act Robbery) and carrying and using a firearm during and in relation to a drug trafficking crime. These are additional circumstances weighing in favor of detention. *Accord* 18 U.S.C. § 3142(g)(1). The fact that one count of AKAU's firearm-related conduct was in relation to a Hobbs Act robbery in which he impersonated a police officer while armed with firearms and a silencer is of serious concern to the Government and only further evidence of the danger AKAU poses. Only detention can adequately address this danger.

      2.    <u>The Weight of the Evidence Counsels in Favor of Detention</u>

Although the Ninth Circuit has described the weight of the evidence as the "least important" factor in considering a motion to detain, *United States v. Gebro*, 948 F.2d 1118, 1121 (1991), the weight of the evidence here further supports detention.

The evidence against AKAU and the Enterprise is very strong and includes: (i) forensic extractions of multiple cellular telephones used by members of the Enterprise; (ii) the grand jury testimony of dozens of witnesses including numerous cooperating defendants, several of whom have either already pled guilty or have agreed to do so in the future; (iii) the results of search warrants on email, cloud and social media accounts of Enterprise members; (iv) audio recordings of controlled purchases of drug transactions which transpired at KTPC; (v) court-authorized Title III wiretap interceptions of wire and electronic communications on Enterprise members' cellphones; (vi) the results of search warrants executed at physical locations and on vehicles which resulted in the seizure of drugs, firearms, handcuffs, zip ties, police issued body armor, ski masks, a gun scope, ammunition, duct tape and chloropicrin, the chemical used in the charged nightclub attacks; and (vi) hours of physical and electronic surveillance conducted by law enforcement on Enterprise members.  These items corroborated, in many ways, the grand jury testimony of victims, civilian witnesses and cooperating defendants, many of whom the United States expects will testify at any trial against AKAU and the Enterprise.

//

//

9

3.    AKAU's History and Characteristics Favor Detention

Although AKAU has local community ties, his history and characteristics on the whole weigh strongly in favor of detention.  AKAU has three prior state felony convictions for assault in the first degree, robbery in the first degree and possession of prohibited weapons.  The robbery conviction was the result of AKAU's 1994 robbery of a taxi cab driver in which AKAU shot the driver in the head with a sawed off shotgun.  Additionally, he is a member of the Nakipi motorcycle club, at least one of whose members has admitted to drug trafficking.

4.    Nature and Seriousness of Danger Posed by AKAU

As discussed above, AKAU has proven himself to be a danger to specific persons, such as "Victim-4" and the taxi driver referenced above, as well as the community at large by the nature of the offenses he is alleged to have committed. Like every other factor this Court must consider, the nature and seriousness of the danger posed by AKAU point to his detention.

**B.    AKAU is a Flight Risk**

To start, narcotics trafficking, in general, poses a risk of flight as Congress has explained:

> Flight to avoid prosecution is particularly high among persons charged with major drug offenses . . . these persons have both the resources and foreign contacts to escape to other countries with relative ease . . . even the prospect of forfeiture of a bond in the hundreds of thousands of dollars has proven to be ineffective in assuring the appearance of major drug traffickers.

10

*S. Rep. No. 225, 98th Cong., 2nd Sess.* 12-12, reprinted in 1984 U.S. Code Cong. & Ad. News 3182, 3195-96, 3203.

As shown by his participation in the Enterprise's drug distribution activity, AKAU is the type of individual Congress contemplated when enacting this presumption of detention.

    1.  <u>AKAU faces 15 years in Mandatory Minimum Sentence</u>

One of the biggest factors in assessing an individual's likelihood to flee is their sentencing exposure. Here, AKAU faces a 10-year mandatory minimum sentence if convicted of Count 16 along with a consecutive 5-year sentence if convicted of Count 17. That alone renders AKAU a flight risk when weighed against the low burden of proof applicable here - a preponderance of the evidence.

It is likely that AKAU's membership in the Miske Enterprise will give him access to Miske's vast financial resources who may consider it money well spent to pay AKAU to "go away" by fleeing prosecution and, thus, eliminate a possible witness against him. Access to financial resources is at least as important as sentencing exposure in assessing flight risk.

A review of financial transactions conducted by Miske from 2010 through 2017 show Miske spent approximately $15,821,963 on major expenditures with nearly half of the amount unexplained income when compared to his filed tax returns for that same period. In 2010, Miske purchased a 0.87 acre oceanfront

11

property near Spitting Cave in Portlock for $2,235,000 upon which he built a lavish residence resulting in the property now estimated to be worth as much as $7,000,000.

Miske's current and recent financial situation shows more of the same. Miske has liquid assets readily available to assist AKAU in the form of $392,926.14 in proceeds which are currently held in a local escrow account as the result of a sale of a real property in Kaneohe. Miske can access those funds at any time subject to applicable tax obligations. Miske has additional liquid asset sources as evidenced by his May 30, 2020 purchase of a 2017 Ferrari F12 Berlinetta for $219,000 with $217,000 cash down that was transferred from his KTPC savings account. This access to cash has been further corroborated by a cooperating witness that Miske utilized trusted associates to secretly store large amounts of cash on his behalf.

Thus, Miske clearly possesses and has access to millions of dollars in assets - at least hundreds of thousands of dollars of which appear to be liquid or readily liquid – and which he is likely willing to divert to AKAU to flee the jurisdiction and avoid prosecution.

//

//

12

## IV.   **CONCLUSION**

For all the foregoing reasons, the United States of America respectfully requests that this Court grant the motion to detain defendant NORMAN L. AKAU III pending trial as both a flight risk and a danger to the community.

DATED:  July 16, 2020, at Honolulu, Hawaii.

Respectfully Submitted,

KENJI M. PRICE
United States Attorney
District of Hawaii

*/s/ Mark A. Inciong*
By _____
   MICHAEL NAMMAR
   MICAH SMITH
   MARK A. INCIONG
   Assistant U.S. Attorneys

Attorneys for Plaintiff
UNITED STATES OF AMERICA

13