LAW OFFICES OF RONALD RICHARDS & ASSOCIATES, APC
Ronald Richards, Esq. SBN 1767246
P.O. BOX 11480
BEVERLY HILLS, CA 90213
Telephone: 310-556-1001
Facsimile: 310-277-3325
Email: ron@ronaldrichards.com

Law Office of Leighton K Lee
222 Merchant Street, Suite 201
Honolulu, Hawai`i 96813
T-808.531.3244
F-855.645.1286
(Local counsel)

Attorneys for Norman Akau, III

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| United States of America<br><br>vs.<br><br>Norman Akau, III<br><br>Defendant. | CR. NO.  1:19-cr-00099-DKW-9<br><br>REPLY BRIEF IN SUPPORT OF NORMAN AKAU'S MOTION FOR A BOND AND REVOCATION OF HIS DETENTION ORDER |

**REPLY BRIEF IN SUPPORT OF MOTION FOR BOND AND REVOCATION OF HIS DETENTION ORDER**

0

Defendant Norman Akau ("Akau" or "Defendant") hereby submits the following reply brief:

One of the sureties was confused as to the different types of bonds, an appearance bond and a condition bond. This is not common in all parts of the country so even counsel was unaware of this anomaly. When counsel inquired with Mr. Akau, he was under the misguided impression that if the defendant committed a traffic offense, he would lose his house.

Counsel advised him that was not the case and he now has no objection to a conditions bond.

Counsel then checked with the government who confirmed to counsel Mr. Akau's home would not be forfeited for a traffic offense. Neither defense counsel nor government counsel has heard of the loss of a house for a traffic violation. This was the impression Mr. Akau received when he was interviewed. Hopefully this removal of his objection resolves this issue.

Counsel then spoke to pretrial who informed him that the Court can order a conditions bond on certain cases but is not requiring one on this case. Therefore, whatever bond the Court would order, Mr. Akau's father would agree to the conditions. This was simply confusing when he was first explained his options.

Second, the pretrial report does not acknowledge that the presumption relating to detention based upon the plea agreement has changed. Counsel checked with pretrial who informed him they do not look at the standard when they make their recommendations whether it is presumption case for detention or a non-presumption case.

However, since the agreed upon plea is to 18 USC 1962(d) only, this takes it away from a presumption of detention that can be rebutted to a presumption of bail. The burden is clear and convincing evidence of a danger to the community. The fact that the pretrial report does not analyze the presumption or lack of presumption limits respectfully limits some of its value in this case as the thrust of the motion is based upon changed circumstances and the charge the parties have agreed to resolve the case with is a non-presumption charge leaving the weight of the evidence for bail. The government did not oppose the motion. The government simply deferred to the Court to decide the issue raised by the defense. The deferral combined with the presumption in favor of granting bond should tilt the scales in this case for a bond.

The report bases its perceived danger finding on events that took place over 26 years ago with an ancient 25-year-old conviction, as well as the

instant offense. Yet, the instant offense is not a presumption offense. This simply is not clear and convincing evidence as a matter of law.

Only a limited class of defendants is subject to pretrial danger based upon a danger to the community. Due to the policies of pretrial, the report does not analyze for the Court that presumption is in favor of setting a bond for the defendant and provides no analysis as to why an ancient conviction is clear and convincing evidence under the law of a danger to the community. The law is clear, this is not a presumption charge so the Defendant is confident the Court will address this and counsel will make additional arguments at the hearing that are better said orally then on the docket.

## ADDITIONAL AUTHORITY

The Defendant notes that the report stated that no rebuttable presumption under 18 U.S.C. § 3142(e)(2) or (e)(3) applies to Defendant in this case. The report also concedes defendant is not a flight risk.

"Under the statutory scheme set forth in the Bail Reform Act, 'it is only a limited group of offenders who should be denied bail pending trial.' " *United States v. Enix*, 1:15-CR-00142 EAW, 2016 WL 3960905, at *2 (W.D.N.Y. Jul. 21, 2016) (quoting *United States v. Sabhnani*, 493 F.3d 63, 75 (2d Cir. 2007).

Bail is granted in many RICO cases. (See *United States v. Capolongo*, No. 16-8284-CR, 2016 WL 4272371, at *5 (S.D. Fla. Aug. 10, 2016), finding detention would not a just result, *United States v. Enix*, 2016 WL 3960905, *supra,* holding that clear and convincing evidence needs to be presented of danger to the community finding for bail in a RICO case.)

The crux of the constitutional justification for preventive detention under the Bail Reform Act is that "[w]hen the Government proves by clear and convincing evidence that an arrestee presents an identified and articulable threat to an individual or the community, ... a court may disable the arrestee from executing that threat." (*Salerno*, 481 U.S. at 751, 107 S.Ct. 2095.) Therefore, to order a defendant preventatively detained, a court must identify an articulable threat posed by the defendant to an individual or the community.

The threat need not be of physical violence and may extend to "non-physical harms such as corrupting a union." (*United States v. King*, 849 F.2d 485, 487 n.2 (11th Cir. 1988) (quoting S. REP. NO. 98–225, at 3 (1984), as reprinted in 1984 U.S.C.C.A.N. 3182, 3195–96). But it must be clearly identified. (See *Salerno*, 481 U.S. at 750, 107 S.Ct. 2095 (noting that the Act applies in "narrow circumstances" where "the Government musters convincing proof that the arrestee, already indicted or held to answer for a

serious crime, presents a demonstrable danger to the community"); cf. *Tortora*, 922 F.2d at 894 (Breyer, C.J., concurring) (reversing an order of release where the district court failed to "carefully analyze[ ] the danger [the defendant] posed").)

Detention cannot be based on a finding that the defendant is unlikely to comply with conditions of release absent the requisite finding of dangerousness or risk of flight; otherwise the scope of detention would extend beyond the limits set by Congress. As we observed of the Bail Reform Act of 1966, "[t]he law requires reasonable assurance[,] but does not demand absolute certainty" that a defendant will comply with release conditions because a stricter regime "would be only a disguised way of compelling commitment in advance of judgment." (*United States v. Alston*, 420 F.2d 176, 178 (D.C. Cir. 1969), accord, see *United States v. Munchel*, 991 F.3d 1273, 1282–83 (D.C. Cir.), judgment entered, 844 F. App'x 373 (D.C. Cir. 2021), reversing a detention order of one of the capital rioters.)

"Under the statutory scheme set forth in the Bail Reform Act, 'it is only a limited group of offenders who should be denied bail pending trial.' " (*United States v. Enix,* 1:15-CR-00142 EAW, 2016 WL 3960905, at *2 (W.D.N.Y. Jul. 21, 2016) (quoting *United States v. Sabhnani,* 493 F.3d 63, 75 (2d Cir. 2007)). In *Enix,* the defendant was charged with a racketeering conspiracy and was alleged

5

to have played a leadership role in the violent conspiracy. *Id.* at *6. The court stated that "[t]here is no per se rule requiring the detention of a defendant pending trial who is charged in a racketeering conspiracy...." *Id.* at *10. The court then denied detention and imposed strict conditions of release. *Id.* at *15. The *Enix* court stated, "[o]ur system of justice requires more than presented here before an individual's liberty is taken away while under a presumption of innocence. In this case, with this defendant, based upon the record before this Court, detention without bail would not be a just result." *Id.* at * 14.

Due to the above, this Court can fashion conditions that can prevent a danger the community with intensive monitoring of the defendant. The defendant has no history of court or bond violations, he knows how to follow the rules and orders of the Court.

Mr. Akau, resolving his case with a plea agreement that provides him hope and options, is not part of the limited class of offenders that warrant pretrial detention after almost a year of custody time.

Mr. Akau's case, as applied to him, warrants a bond. Defendants that resolve their cases early and take advantage of a plea offer do not fit into a limited class of detained defendants preventive detention was targeted to address.

6

DATED: June 3, 2021

                              LAW OFFICES OF RONALD
                              RICHARDS & ASSOCIATES, APC

                              /s Ronald Richards
                              _____
                              By: Ronald Richards, Esq.
                              Attorney for Defendant