MARCIA A. MORRISSEY
Law Office of Marcia A. Morrissey
11400 W. Olympic Blvd., Suite 1500
Los Angeles, CA 90065
Telephone: 310-399-3259
Email: morrisseyma@aol.com

DONOVAN ASAO ODO
Law Office of Donovan A. Odo LLLC
P.O. Box 939
Aiea, HI 96701
Telephone:  808-554-3490
Email: donovan.a.odo@gmail.com

Attorneys for Defendant
DELIA FABRO-MISKE

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>          Plaintiff,<br><br>   vs.<br><br><br><br>DELIA FABRO-MISKE (12),<br>          Defendant. | Cr. No. 1-19-CR-00099 DJK-KJM<br><br>DELIA FABRO-MISKE'S MOTION IN LIMINE NO. 10 RE: LIMITING THE NUMBER OF IN COURT DISPLAYS OR PHOTOGRAPHS OF FIREARMS, FIREARM RELATED EQUIPMENT, KNIVES, OTHER WEAPONS, AND PHOTOGRAPHS OF SAME |

Delia Fabro-Miske, by her counsel, Marcia A. Morrissey and Donovan A. Odo, moves in limine for an order limiting the display of actual firearms, firearm-

related equipment (e.g., ammunition, magazines, body armour), knives and other weapons, or photographs thereof, by the government at the trial of this case.[1] As explained below, an overwhelming quantity of "weapons" evidence is not relevant to the two charges against Ms. Fabro-Miske and profoundly prejudicial. The vast majority of such evidence should be excluded under Rules 401, 403, 404 and 702(a) of the Federal Rules of Evidence. The prejudice that accrues from this largely irrelevant evidence is so profound that it constitutes a due process violation under the Fifth Amendments and therefore is also inadmissible under Rule 402.

　　Particularly in this case, where four defendants are on trial, and the government seeks to introduce evidence of charged acts as well as uncharged acts in which Ms. Fabro-Miske has no involvement, allowing the display or either actual weapons or photographs thereof without the Court having engaged in a Rule 403 analysis presents two principal legal problems. First, the number of

---

[1] Ms. Fabro-Miske requests that this motion be deemed as a continuing objection for trial purposes if denied. *See Palmerin v. City of Riverside,* 794 F. 2d 1409, 1413-14 (9th Cir. 1986) (announcing the rule in this Circuit that definitive pretrial rulings on thoroughly explored evidentiary issues need not be re-raised at trial in order to be preserved for appeal); *United States v. Wells,* 879 F. 3d 900, 933 (9th Cir. 2018) (citing *Palmerin,* 749 F. 2d at 1413-14, and deeming pretrial objections to other acts evidence preserved for appeal).

weapons involved in this investigation may be viewed by the jury to be representative of bad character and propensity for criminal activity. Second, Ms. Fabro-Miske's Rule 404(b) objection requires the Court to review such evidence proffered by the government and exercise its discretion under Rule 403 because of the danger that its introduction is likely to undermine the right to a fair trial. As the Supreme Court stated in *Bollenbach v. United States*, 326 U.S. 607, 612 (1945), "[i]n a trial by jury in a federal court, the judge is not a mere moderator, but is the governor of the trial for the purpose of assuring its proper conduct and determining questions of law." *See also Quercia v. United States*, 289 U.S. 935, 958-59 (1933). In *United States v. Curtin*, 489 F. 3d 935, 958-59 (9th Cir. 2027), the Ninth Circuit stated:

> [W]e hold as a matter of law that a court does not properly exercise its balancing discretion under Rule 403 when it fails to place on the scales and personally examine and evaluate all that it must weigh. Relying only on the descriptions of adversary counsel is insufficient to ensure that a defendant receives the due process and fair trial to which he is entitled under our Constitution, as this case demonstrates.

None of the two charges against Ms. Fabro-Miske allege that she used a weapon. No weapons were are even associated with her. On the contrary, the vast majority of the weapons in this case were seized from or connected with individuals who will testify for the government. This type of evidence is

3

irrelevant as to Ms. Fabro-Miske.

There is no probative value of the weapons-related evidence and it serves no purpose other than to prejudice the defense.  Therefore the government should be required to make an offer of proof as to the nexus between any firearm or weapon-related evidence it seeks to introduce and the charges in this case.  Absent a nexus between such objects and a specific charged or uncharged offense, the evidence is inadmissible.  Weapons-related evidence proves nothing as to Ms. Fabro-Miske other than to prejudice the jurors against her.

In addition, an abundance of weapon evidence is cumulative.  Each weapon-related exhibit proffered by the government should be excluded unless the government shows that any such exhibit(s) make a fact of consequence more or less probable, as required by Rule 401, that the exhibits, individually and collectively, do not present an undue danger of prejudice under Rule 403, and that from these exhibits, the jury would not draw the impermissible inference of the bad character of the accused, in violation of Rule 404(b).

//

//

//

//

4

Dated: November 13, 2023                    Respectfully submitted,

                                            */s/ Marcia A. Morrissey*
                                            MARCIA A. MORRISSEY

                                            */s/ Donovan A. Odo*
                                            DONOVAN A. ODO

                                            Attorneys for Defendant
                                            DELIA FABRO-MISKE

# CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was electronically served through CM/ECF on the following on November 13, 2023:

| | |
|---|---|
| MICHAEL D. NAMMAR, ESQ. | michael.nammar@usdoj.gov |
| MARK A. INCIONG, ESQ. | mark.inciong@usdoj.gov |
| W. KEAUPUNI AKINS | KeAupuni.Aking@usdoj.gov |
| LYNN E. PANAGAKOS, ESQ. | lynnpanagakos@yahoo.com |
| MICHAEL J. KENNEDY, ESQ. | michael@mjkennedylaw.com |
| WALTER J. RODBY, ESQ. | attorneyrodby@msn.com |
| TERRI L. FUJIOKA-LILLEY, ESQ. | terri@bflwlaw.com |
| WILLIAM L. SHIPLEY, JR., ESQ. | 808Shipleylaw@gmail.com |

DATED: November 13, 2023.                   */s/ Marcia A. Morrissey*
                                            Marcia A. Morrissesy

                                            Attorney for Defendant
                                            Delia Fabro-Miske