# MINUTES

| | |
|---|---|
| CASE NUMBER: | CR 19-00099 DKW-KJM |
| CASE NAME: | USA v. (9) Norman L. Akau III |
| ATTYS FOR PLA: | *Michael David Nammar<br>Aislinn Affinito |
| ATTYS FOR DEFT: | (9) Christian G. Enright<br>*(9) Ramiro Salazar Flores, Jr. |
| USPO: | Sara Nieling |

| | | | |
|---|---|---|---|
| JUDGE: | Derrick K. Watson | REPORTER: | Gloria Bediamol |
| DATE: | 5/6/2025 | TIME: | 9:05 am - 10:30 am |

COURT ACTION:  EP:  Sentencing to Count 1 Superseding Indictment as to Defendant Norman L. Akau III held.

Defendant Norman L. Akau III present, in custody.

Defendant Norman L. Akau III plead guilty to Count 1 Superseding Indictment on 6/9/2021, with a Plea Agreement.

The Court heard arguments regarding Defendant's Objections Nos. 1, 2, 3 and 4 to the Presentence Investigation Report.  For reasons stated on the record, the Court overruled Defendant's Objections Nos. 1, 2, 3 and 4.

Parties have reviewed the revised Presentence Report and it is placed in the record.  Court adopts the factual findings of the revised Presentence Report.

The Memorandum of Plea Agreement has been accepted by the Court.

Court grants Government's request for a one-level acceptance of responsibility adjustment pursuant to 3E1.1(b).

[1871] Govt's. Sealed Motion re Sentencing - Granted.

Allocution by the Defendant Norman L. Akau III.

There are no objections to the sentencing guidelines.  Court findings made as to the applicable sentencing guidelines.  Court notes the aggravating and mitigating factors related to Defendant Norman L. Akau III's Sentencing.

Recommendations by Counsel as to proposed sentence heard.  Court's proposed sentence stated.  No legal objections to the proposed sentence.  Court imposes sentence.

SENTENCE:

Imprisonment: 168 Months.

Supervised Release: 3 Years.

Fine: None.

Restitution: None.

Special Assessment: $100.00.

All 13 standard conditions of release shall be made a part of Defendant's conditions of supervision.

Conditions of Supervised Release:

You must abide by the mandatory and standard conditions of supervision, including the following conditions:

>   You must refrain from any unlawful use of a controlled substance.  You must submit to one drug test within 15 days of commencement of supervision and at least two drug tests thereafter, but no more than eight valid drug tests per month during the terms of supervision.  (mandatory condition)
>
>   You must cooperate in the collection of DNA as directed by the probation officer (mandatory condition).
>
>   You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of the time the defendant is released, unless the probation officer instructs the defendant to report to a different probation office or within a different time frame.  (standard condition)

You must abide by the following special conditions:

1.   You must participate in an outpatient substance abuse treatment program and follow the rules and regulations of that program.  The probation officer, in consultation with the treatment provider, will supervise your participation in the

        program (such as provider, location, modality, duration, and intensity).

2.       As part of the substance abuse treatment regimen and monitoring, you must submit to substance abuse testing to determine if you have used a prohibited substance. You must not attempt to obstruct or tamper with the testing methods.

3.       You are prohibited from using marijuana, synthetic marijuana, any products containing tetrahydrocannabinol, or any other products derived from a marijuana plant, including for medicinal or business purposes, without the prior approval of the Court.

4.       Unless you have received advance permission from the probation officer or the association is required by supervision conditions, you must disassociate yourself from any members of the Miske Enterprise (ME), and must not voluntarily and intentionally associate with any individual whom you know is associated with the ME or any other gangs that are involved in criminal activities.

5.       You must provide the probation officer access to any requested financial information and authorize the release of any financial information. The probation office may share financial information with the US Attorney's Office.

6.       You must submit your person, property, house, residence, vehicle, papers, or office, to a search conducted by a probation officer. Failure to submit to a search may be grounds for revocation of release. You must warn any other occupants that the premises may be subject to searches pursuant to this condition. The probation officer may conduct a search under this condition only when reasonable suspicion exists that you have violated a condition of supervision and that the areas to be searched contain evidence of this violation. Any search must be conducted at a reasonable time and in a reasonable manner.

Defendant Norman L. Akau III advised of his right to appeal within 14 days of entry of judgment.

Judicial Recommendations:
1. Defendant to be placed at Sandstone FCI (1st choice); Seagoville FCI (2nd choice); Allenwood FCC (3rd choice) or at a facility that has a Residential Drug Abuse Program (RDAP) (4th choice);
2. Defendant to be placed in RDAP - 500 Hour Residential Drug Abuse Program and Substance Abuse Treatment Program;
3. Defendant to receive Mental Health Assessment and any necessary treatment; and
4. Defendant to receive Vocational and Educational Training.

Government's oral motion to dismiss Counts 16 through 19 of the Superseding Indictment as to Defendant Norman L. Akau III is GRANTED.

Mittimus forthwith.

Defendant Norman L. Akau III is remanded to the custody of the USMS.

Submitted by: Tammy Kimura, Courtroom Manager